IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:08-CV-65-D

| | | |
|---|---|---|
| DR. JOSEPH ASKEW,<br>JOSEPH ASKEW, JR.,<br>ASKEW REALTY COMPANY, and<br>ASKEWS INVESTMENTS, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | **ORDER** |
| WACHOVIA BANK OF DELAWARE,<br>et al., | )<br>)<br>) | |
| Defendants. | ) | |

On September 8, 2008, plaintiffs Dr. Joseph Askew and Joseph Askew, Jr. filed a motion to amend their complaint [D.E. 67]. Plaintiffs Dr. Joseph Askew and Joseph Askew, Jr. also purported to make the motion to amend on behalf of corporate plaintiffs Askew Realty Company and Askews Investments. Id. Certain defendants oppose the motion to amend [D.E. 68, 69], and defendant Ticor Title Insurance Company has moved to strike the motion to amend [D.E. 68].

Plaintiffs Askew Realty Company and Askews Investments are corporations. On June 4, 2008, this court ordered these two corporate plaintiffs to "review and comply with Local Civil Rule 83.1(e). See Local Civil Rule 83.1(e), EDNC. Counsel shall file a notice of appearance for these two corporations not later than June 20, 2008." [D.E. 33]. The rationale for the court's order was that "a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); RZS Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.3 (4th Cir. 2007).

To date, plaintiffs Askew Realty Company and Askews Investments have ignored this court's order of June 4, 2008. If plaintiffs Askew Realty Company and Askews Investments fail to comply with this court's order of June 4, 2008, by October 27, 2008, plaintiffs Askew Realty Company and Askews Investments shall be dismissed from this action without prejudice. Accordingly, the court DENIES the motion to amend [D.E. 67] as to Askew Realty Company and Askews Investments. Further, Ticor Title Insurance Company's motion to strike [D.E. 68] is DENIED as MOOT.

As for plaintiffs Dr. Joseph Askew and Joseph Askew, Jr., these two plaintiffs do not need leave of court to amend their complaint as of right. See Fed. R. Civ. P. 15(a)(1)(A). Notably, the motions to dismiss that defendants Burke & Associates [D.E. 25, 26], Ticor Title Insurance Company [D.E. 41], Wachovia Bank of Delaware, Nadine Smith, Wachovia Equity Servicing LLC successor by merger to HomeEq Servicing Corporation [D.E. 46], and Cardinal Point Real Estate [D.E. 50] filed are not "responsive pleading[s]" within the meaning of Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. See, e.g., Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993). Thus, plaintiffs Dr. Joseph Askew and Joseph Askew, Jr. may amend their complaint as of right.

In light of the foregoing, plaintiffs Dr. Joseph Askew and Joseph Askew, Jr.'s motion to amend [D.E. 67] is DENIED as MOOT. Instead, plaintiffs have until October 31, 2008, to file an amended complaint. If counsel admitted to the bar of this court has made an appearance on behalf of the two corporate plaintiffs by October 27, 2008, the two corporate plaintiffs also may be named (along with the two individual plaintiffs) in the amended complaint. If not, then these two corporate entities may not proceed as plaintiffs in this action. The amended complaint shall set forth in a single amended complaint all claims and the rationale for subject matter jurisdiction as to each claim.

Defendants may respond to the amended complaint in accordance with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 15(a)(3).

SO ORDERED. This 15 day of October 2008.

JAMES C. DEVER III
United States District Judge

3